John G. Papianou (*pro hac vice* application forthcoming)
Katharine M. Ladd (*pro hac vice* application forthcoming)
MONTGOMERY, MCCRACKEN,
 WALKER & RHOADS, LLP
1735 Market Street
Philadelphia, PA 19103
Tel: (215) 772-1500
Fax: (215) 772-7620
E-Mail: jpapianou@mmwr.com

Ryan Marton (SBN 223979)
MARTON RIBERA SCHUMANN & CHANG LLP
548 Market Street, Suite 36117
San Francisco, CA 94104
Telephone: (415) 360-2515
E-Mail: ryan@martonribera.com

Attorneys for VERIFONE, INC.

FILED
MAY 25 2018
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

CV-18 80087 MISC   HRL

| | |
|---|---|
| In Re SUBPOENA TO VeriFone, Inc.<br><br>Served in related case:<br><br>*Gesten v. Burger King Corp.*, S.D. Fla. Case No. 1:18-cv-20450-CMA | Misc. Case No. 18-MC-__<br><br>**NON-PARTY VERIFONE INC.'S NOTICE OF MOTION AND MOTION TO QUASH GESTEN'S SUBPOENA FOR DEPOSITION OF VERIFONE, INC. AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

VERIFONE'S MOTION TO QUASH GESTEN'S         Case No. 18-MC-____
SUBPOENA AND POINTS AND AUTHORITIES IN
SUPPORT THEREOF

FAXED

## NOTICE OF MOTION AND MOTION TO QUASH

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

  **PLEASE TAKE NOTICE** that on _____ 2018, or as soon thereafter as this matter may be heard, in the above-entitled court, located at 280 South 1st Street, San Jose, CA 95113, 5th Floor, VeriFone, Inc. ("Verifone") will, and hereby does, move the Court for an order quashing the Subpoena To Testify At Deposition in a Civil Action served upon it by Ryan Gesten in *Gesten v. Burger King Corp.*, Case No. 1:18-cv-20450-CMA, pending in the United States District Court for the Southern District of Florida.

  This motion is made on the grounds that the subpoena (i) is invalid because the plaintiff in the underlying litigation lacks standing to pursue his claim; and, alternatively, (ii) fails to allow a reasonable time to comply.

  This motion is based upon this Notice of Motion, Motion and Memorandum of Points and Authorities, and Declaration of John G. Papianou in Support thereof, filed concurrently; the files and records in this case; and any argument advanced at the hearing on this motion.

Dated: May 25, 2018

                  */s/ Ryan Marton*
                  Ryan Marton
                  MARTON RIBERA SCHUMANN & CHANG LLP

                  John G. Papianou (*pro hac vice* application forthcoming)
                  MONTGOMERY, MCCRACKEN,
                    WALKER & RHOADS, LLP

                  Attorneys for Non-Party
                  VERIFONE, INC.

-ii-

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. NOTICE OF RELATED CASE

The subpoena Verifone seeks to quash was issued in connection with a class action lawsuit filed by Ryan Gesten ("Gesten") against Burger King Corporation ("Burger King") currently pending in the United States District Court for the Southern District of Florida. *Gesten v. Burger King Corp.*, S.D. Fla. Case No. 1:18-cv-20450-CMA.

## II. INTRODUCTION

At issue in this motion is a subpoena issued by Gesten to non-party Verifone on May 18, 2018, demanding Verifone's deposition testimony in a class action lawsuit Gesten filed against Burger King in the United States District Court for the Southern District of Florida (the "May Subpoena"). Verifone respectfully requests that the Court quash it for the following two independent reasons.

First, Gesten's May Subpoena is invalid because the named plaintiff in the underlying action lacks standing to sue. *See Bassett v. ABM Parking Servs., Inc.*, 883 F.3d 776 (9th Cir. 2018) (affirming dismissal of FACTA lawsuit for lack of standing); *Noble v. Nev. Checker Cab Corp.*, No. 16-16573, 2018 WL 1223484 (9th Cir. March 9, 2018) (same). Indeed, the Southern District of Florida previously dismissed an identical lawsuit filed by Gesten against Burger King for lack of standing. *Gesten v. Burger King Corp.*, No. 17-22541-Civ-Scola, 2017 WL 4326101, at *6 (S.D. Fla. Sept. 27, 2017). Gesten's second lawsuit is no different than his first. Because he has no standing, the subpoena is void and must be quashed.

Second, the May Subpoena fails to allow for a reasonable time to comply and is therefore unduly burdensome on non-party Verifone. In particular, the May Subpoena specifies a deposition date of May 29, 2018—the day after Memorial Day and a mere six business days after service on Verifone. Gesten had ample time to serve a deposition subpoena on Verifone at an earlier date. Verifone should not be punished for Plaintiff's delay in doing so.

## III. FACTUAL AND PROCEDURAL BACKGROUND

### a. The Southern District of Florida Has Dismissed Gesten's Lawsuit for Lack of Standing

This is not the first lawsuit that Gesten has filed against Burger King. In July 2017, Gesten filed a virtually identical lawsuit against Burger King in the Southern District of Florida, alleging that Burger King willfully violated FACTA when it provided him with a customer

receipt displaying the first six digits and last four digits of his credit card number.[1] Burger King subsequently moved to dismiss Gesten's complaint on the basis that Gesten, who maintained possession of his receipt at all times and suffered no identity theft, failed to allege a concrete injury and therefore lacked standing to pursue his claim.[2] On September 27, 2017, the court granted Burger King's motion to dismiss, finding that he alleged no actual harm or material risk of harm. *Gesten I*, 2017 WL 4326101, at *6.

    b.    **Gesten's Second Lawsuit against Burger King**

Rather than appealing the court's decision, Gesten re-filed his complaint in Florida state court.[3] Gesten served the complaint on Burger King on January 15, 2018, approximately a week after Burger King succeeded in obtaining dismissal of a second FACTA lawsuit against it in the Southern District of Florida for lack of standing. *Tarr v. Burger King*, No. 17-23776-CIV-Moreno, 2018 WL 318477, at *4 (S.D. Fla. Jan. 5, 2018). That second FACTA case is currently on appeal before the Eleventh Circuit.[4]

In light of that appeal, Burger King removed Gesten's state court complaint to federal court while simultaneously seeking a stay of the action pending the Eleventh Circuit's resolution of the *Tarr* appeal.[5] The court subsequently denied the stay without addressing whether Gesten, in fact, had standing to bring his claim. *Gesten II*, 2018 WL 1111061, at *1-2 (S.D. Fla. Feb. 22, 2018). And because Burger King did not file a motion to dismiss, the parties proceeded to discovery.

---

[1] *See* Compl. ¶¶ 1, 31-33, *Gesten v. Burger King Corp.*, No. 1:17-cv-22541-RNS, 2017 WL 4368668 (S.D. Fla. July 7, 2017) (Dkt. 1) ("*Gesten I*"). FACTA provides that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." 15 U.S.C. § 1681c(g)(1).

[2] Burger King's Motion to Dismiss, *Gesten I* (Dkt. 12).

[3] Notice of Removal, *Gesten v. Burger King Corp.*, Case No. 1:18-cv-20450-CMA (S.D. Fla. Feb. 2, 2018) (Dkt. 1) ("*Gesten II*").

[4] *See Tarr v. Burger King Corp.*, Case No. 18-10279. The *Tarr* appeal is currently stayed pending the Eleventh Circuit's decision in *Price v. Godiva Chocolatier, Inc.* (Case No. 16-16486), another FACTA appeal presenting precisely the same Article III standing issue. The *Godiva* appeal is fully briefed and oral argument was heard on January 12, 2016.

[5] *Gesten II* Notice of Removal & Ex. 4 (Motion to Stay) (Dkt. 1 & 1-5).

---

VERIFONE'S MOTION TO QUASH GESTEN'S    Case No. 18-MC-____
SUBPOENA AND POINTS AND AUTHORITIES IN
SUPPORT THEREOF

### c. The Subpoenas Gesten Served on Verifone

Gesten served its first subpoena on Verifone on April 16, 2018 (the "April Subpoena"). The April Subpoena demanded that Verifone produce documents relating to six topics over a ten-month period by May 1, 2018, just eleven business days after Verifone was served. Papianou Decl., Exhibit A. Verifone promptly took steps to collect documents responsive to the subpoena and ultimately made a production to Gesten on May 24, 2018, two days after the parties filed a stipulated protective order in the underlying action.[6] Papianou Decl. ¶ 4.

In the meantime, on May 18, 2018, Gesten served the instant subpoena on Verifone demanding its deposition testimony in a mere eleven days' time. Marton Decl., Ex. B. Verifone objected as to lack of standing and also to the deposition topics covered by the subpoena and the time required for compliance. After Gesten and Verifone met and conferred, Gesten agreed to narrow the scope of the deposition and to reschedule it at a later date. Papianou Decl., Ex. C. However, Gesten refused to delay the deposition beyond June 8, 2018. Papianou Decl. ¶ 8.

## IV. ARGUMENT

### a. This Is the Appropriate Court To Hear This Motion

Federal Rule of Civil Procedure 45 provides that the jurisdiction to bring a motion to quash is "the court for the district where compliance is required." Fed. R. Civ. P. R. 45(d)(3)(A). The May Subpoena specifies San Jose, California—the location of Verifone's headquarters—as the place of compliance. Papianou Decl., Ex. B. As such, this Court is the appropriate jurisdiction for Verifone's motion to quash.

### b. Verifone Has Standing To Challenge Subject Matter Jurisdiction

Verifone, as a subpoenaed non-party, has standing to challenge the validity of the May Subpoena for lack of subject matter jurisdiction.

As the Supreme Court observed in *U.S. Catholic Conf. v. Abortion Mobilization, Inc.*, 487 U.S. 72, 76 (1988), "the subpoena power of a court cannot be more extensive than its jurisdiction." Accordingly, in *Catholic Conference*, the Supreme Court held that a non-party subject to a subpoena may attack a contempt order for failure to comply with the subpoena by contesting the court's subject matter jurisdiction. 487 U.S. at 76. "Courts in the wake of

---

[6] *Gesten II* Stipulation and Proposed Protective Order (Dkt. 36-1).

*Catholic Conference* have expanded this standing doctrine to allow for direct attacks on subject matter jurisdiction before the issuance of a contempt citation." *Mitchell v. Hood*, 2015 WL 7854461 (E.D. La. Dec. 2., 2015) (citing *Dunham v. Coffeeville Resources*, 2007 WL 2403689, at *1 (D. Kan. 2007) ("[A] non-party who is served with a subpoena by a federal court can, as a part of any objection to the subpoena, raise the court's lack of subject matter jurisdiction, and if the court does lack subject matter jurisdiction, then the subpoena is void."); *Billings v. Aeropres Corp.*, 522 F. Supp. 2d 1121, 1130 (E.D. Ark. 2007) ("If a court does not have subject matter jurisdiction, it cannot issue subpoenas, even to non-party witnesses."); *Hous. Bus. Journal v. Office of the Comptroller of the Currency*, 86 F.3d 1208, 1213 (D.D.C. 1996)).

Indeed, at least one Northern District of California court has granted a motion to quash for lack of subject matter jurisdiction even when the underlying action was pending before another district court. *See USA Tech., Inc. v. Doe*, 713 F. Supp. 2d 901 (N.D. Cal. 2010) ("Though the ultimate question of federal jurisdiction will be decided by the [E.D. Pa.], the apparent deficiency of [plaintiff's] claim, which is the sole basis for federal jurisdiction in this case, is an appropriate basis to grant the Motion to Quash"). The Court should do the same here.

### c. Gesten's May Subpoena Should Be Quashed Because He Lacks Standing To Bring the Underlying Action

Gesten's May Subpoena should be quashed for lack of subject matter jurisdiction because he lacks standing to sue.

To satisfy Article III's injury-in-fact requirement, the "plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). A "concrete" injury is one that is "real" and "actually exists." *Spokeo*, 136 S. Ct. at 1548. Where, as here, a plaintiff alleges the mere risk of harm, the court must determine whether the plaintiff's allegations "entail a degree of risk sufficient to meet the concreteness requirement." *Id.* at 1550. A plaintiff must establish, at a minimum, a "*material* risk of harm." *Id.* (emphasis added); *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1113 (9th Cir. 2017).

Gesten's sole claim against Burger King is that it provided him with a customer receipt that displayed more than the last five digits of his credit card account number in violation of FACTA. *Gesten II* Compl. ¶¶ 63-70. Gesten has not alleged that the receipts caused him to

suffer identity theft or any other actual harm. Rather, the only harm he alleges is the "heightened risk of identity theft." *Gesten II* Compl. ¶¶ 1, 69. But even that allegation falls flat, as Gesten does not allege that his receipt has ever left his possession. As such, the risk he alleges is entirely speculative and falls far short of satisfying Article III's injury-in-fact requirement.

The Ninth Circuit has recently affirmed the dismissal of FACTA lawsuits containing nearly identical allegations. *Bassett*, 883 F.3d at 777; *Noble*, 2018 WL 1223484, at *1-2. Like Gesten, in both *Bassett* and *Noble*, the plaintiffs had alleged that the defendants provided them with receipts that displayed credit card account information prohibited by FACTA. *Bassett*, 883 F.3d at 778; *Noble*, 2018 WL 1223484, at *1. In both cases, the plaintiffs claimed they had standing because the receipts exposed them to an increased risk of identity theft. *Bassett*, 883 F.3d at 778; *Noble*, 2018 WL 1223484, at *1. The Ninth Circuit rejected the argument, concluding that plaintiffs' alleged risk was hypothetical given that there was no allegation that anyone else had ever possessed the receipts. *Bassett*, 883 F.3d at 783 ("when this receipt fell into Bassett's hands in a parking garage and no identity thief was there to snatch it, it did not make an injury."); *Noble*, 2018 WL 1223484, at *1-2 ("As in *Bassett*, Appellants here did not allege that anyone else had received or would receive a copy of their credit card receipts…*Bassett*'s reasoning controls the issue in this case, and we are bound by it.").

In addition, federal courts within the Southern District of Florida have recently dismissed two virtually identical FACTA suits against Burger King for lack of standing—including a previous suit filed by Gesten himself. *Gesten I*, 2017 WL 4326101 (S.D. Fla. Sept. 27, 2017); *Tarr*, 2018 WL 318477 (S.D. Fla. Jan. 5, 2018).[7]

---

[7] A host of other courts—including the Second and Seventh Circuits and at least a dozen district courts nationwide—have likewise dismissed FACTA claims based on lack of standing. *See, e.g., Katz v. Donna Karan Co., LLC*, 872 F.3d 114, 119-21 (2d Cir. 2017); *Meyers v. Nicolet Rest. of De Pere, LLC*, 843 F.3d 724, 727-29 (7th Cir. 2016); *Stelmachers v. Verifone Sys., Inc.*, No. 5:14-cv-04912-EDJ, 2017 WL 3968871, at *4 (N.D. Cal. Sept. 7, 2017); *Kamal v. J. Crew Grp., Inc.*, No. 2:15-0190, 2017 WL 2587617, at *3-5 (D.N.J. June 14, 2017); *Hendrick v. Aramark Corp.*, 263 F. Supp. 3d 514, 520-21 (E.D. Pa.2017); *Everett v. Memphis Light Gas & Water Div.*, No. 16-cv-2810, 2017 WL 1830165, at *2-4 (W.D. Tenn. Apr. 18, 2017); *Paci v. Costco Wholesale Corp.*, No. 16-cv-0094, 2017 WL 1196918, at *2-3 (N.D. Ill. Mar. 30, 2017); *Lindner v. Roti Rests., LLC*, No. 17-cv-935, 2017 WL 3130755, at *2-3 (N.D. Ill. July 24, 2017).

Gesten's second lawsuit is no different from his first. Because he has no standing to pursue his claim, his subpoena is invalid and should be quashed.

### d. Gesten's May Subpoena Should Alternatively Be Quashed Because It Fails to Allow a Reasonable Time to Comply

Even if the Court were to find standing here (which there is not), it should alternatively quash Gesten's May Subpoena because it fails to allow a reasonable time to comply.

Federal Rule of Civil Procedure 45 provides, in pertinent part, that "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply." Fed. R. Civ. P. 45(d)(3)(A)(i). Courts within the Northern District of California have held that fewer than ten days to comply with a subpoena is presumptively unreasonable. *Free Stream Media Corp. v. Alphonso Inc.*, Case No. 17-cv-02107, 2017 WL 6209309, at *4 (N.D. Cal. Dec. 8, 2017).

Here, the May Subpoena demanded compliance within a mere eleven calendar days from service. This intervening period included not only two weekends, but also a federal holiday. While Gesten agreed to schedule the deposition for a later date, he insisted that it take place before June 8, 2018. Gesten's urgency in commanding this testimony on such short notice is apparently the result of the impending June 8, 2018 deadline for the completion of class discovery in the underlying action.[8] But there is no reason Gesten could not have served this subpoena on Verifone at the same time as his April Subpoena for the production of documents. Instead, Gesten delayed more than a month and then served it after he obtained a last-minute extension of the original deadline for class discovery.[9] Gesten should not be rewarded for his delay in issuing the subpoena, nor should non-party Verifone be punished for Gesten's procrastination. Further, quashing the subpoena is likely to cause little if any prejudice to Gesten because most, if not all, of Gesten's deposition topics are wholly irrelevant to class certification. Papianou Decl., Ex. C (narrowed deposition topics).

---

[8] Papianou Decl., Ex. E (*Gesten* II May 15, 2018 Order (Dkt. 32)).

[9] Papianou Decl., Ex. D (*Gesten* II Mar. 14, 2018 Order (Dkt. 18) (setting May 14, 2018 deadline for class discovery)); May 11, 2018 Motion To Reset Class Discovery Deadline (Dkt. 28); Papianou Decl., Ex. E (May 15, 2018 Order (Dkt. 32) (extending deadline for class discovery until June 8, 2018)).

VERIFONE'S MOTION TO QUASH GESTEN'S    Case No. 18-MC-____
SUBPOENA AND POINTS AND AUTHORITIES IN
SUPPORT THEREOF

Because the May Subpoena fails to provide a reasonable time for compliance, it should be quashed.

## V. CONCLUSION

For the reasons set forth above, Verifone respectfully requests that the Court quash Gesten's May Subpoena.

_____
Ryan Marton
MARTON RIBERA SCHUMANN & CHANG LLP

John G. Papianou (*pro hac vice* application forthcoming)
MONTGOMERY, MCCRACKEN,
 WALKER & RHOADS, LLP

Attorneys for Non-Party
VERIFONE, INC.

VERIFONE'S MOTION TO QUASH GESTEN'S SUBPOENA AND POINTS AND AUTHORITIES IN SUPPORT THEREOF        Case No. 18-MC-____