UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

IN RE VERIFONE, INC.

Case No.18-mc-80087-VKD

**ORDER RE VERIFONE'S MOTION TO QUASH SUBPOENA AND GESTEN'S MOTION TO TRANSFER MOTION TO QUASH SUBPOENA; ORDER STAYING COMPLIANCE WITH SUBPOENA**

Re: Dkt. Nos. 1, 13

## I. INTRODUCTION

Before the Court is non-party Verifone, Inc.'s ("Verifone") Motion to Quash Gesten's Subpoena for Deposition of Verifone, Inc. (Dkt. No. 1) and Ryan Gesten's Motion to Transfer NonParty Verifone Inc.'s Motion to Quash Subpoena to Southern District of Florida (Dkt. No. 13). Having considered the parties' moving papers, declarations, and exhibits as well as the parties' arguments at the hearing on July 17, 2018, for the reasons set forth below, the Court (1) DENIES Verifone's motion to quash the subpoena without prejudice, (2) DENIES Mr. Gesten's motion to transfer the motion to quash, and (3) STAYS Verifone's compliance with the subpoena pending further ruling from the Court.

## II. BACKGROUND

### A. Non-Party Subpoena to Verifone

Ryan Gesten is the plaintiff in an action pending in the Southern District of Florida against Burger King Corporation ("Burger King") for violation of the Fair and Accurate Credit Transactions Act ("FACTA"). *Gesten v. Burger King Corp.*, Case No. 18-20450-Civ-Altonaga (S.D. Fla.) ("the underlying action"). FACTA prohibits retailers or merchants from printing more

than the last five digits or the expiration date of a credit or debit card number on any receipt provided to the cardholder at the point of sale or transaction. 15 U.S.C. § 1681c(g)(1).

Non-party Verifone reportedly provides software and hardware devices used in credit/debit card transactions, including the printing of receipts. *See* Dkt. No. 2, Ex. A at 8–9. Verifone is headquartered in San Jose, California, within the Northern District of California. Dkt. No. 1 at 3. On May 18, 2018, Mr. Gesten served a subpoena on Verifone seeking deposition testimony about the Verifone software and devices used at Burger King restaurants, including the software configuration and update processes, the interface between Verifone and Burger King's devices, and any communications between Verifone and Burger King relating the alleged FACTA violation. Dkt. No. 2, Ex. B at 16–17. The subpoena identifies San Jose, California as the place of compliance. *Id.* at 13.

On May 25, 2018, Verifone moved to quash the subpoena, arguing that: (1) the subpoena is invalid because the issuing court, the Southern District of Florida, lacks subject matter jurisdiction because Mr. Gesten failed to adequately plead a concrete injury and thus lacks Article III standing, and (2) the subpoena demands compliance within 11 days and thus fails to allow reasonable time to comply.[1] Dkt. No. 1 at 5–8. Mr. Gesten opposed the motion to quash on the ground that he had suffered concrete injuries that gave him standing, namely: (1) he was deprived of his substantial FACTA rights, (2) he was exposed to the risk of identity theft, (3) his privacy interests were breached by exposing his account information to the Burger King cashier, (4) he had to take additional action to secure the non-compliant receipt to avoid further disclosure of his credit card information, and (5) his privacy interests were harmed. Dkt. No. 21 at 6–13.

On June 11, 2018, Mr. Gesten filed a motion to transfer Verifone's motion to quash pursuant to Fed. R. Civ. P. 45(f), arguing that exceptional circumstances favor transfer because the Southern District of Florida had already found standing to sue in other FACTA cases with similar facts, and because transfer was necessary to avoid conflicting rulings regarding standing. Dkt. No.

---

[1] At the July 17, 2018 hearing, Verifone acknowledged that the date originally set for its deposition has passed. Verifone now focuses its argument on the undue burden of having to respond to discovery in a proceeding that it argues should be dismissed for lack of jurisdiction.

2

13.

**B.     Status of Proceedings in the Underlying Action**

In the underlying action, Mr. Gesten alleges that Burger King violated FACTA's privacy protections by providing him a receipt that showed the first six digits and the last four digits of his credit card. Dkt. No. 1 at 4. It is not clear whether the Burger King cashier handed Mr. Gesten the receipt directly, or whether the cashier left it lying on a tray on the counter in plain view for less than a minute while Mr. Gesten was occupied with retrieving condiments. Dkt. No. 22-2 ¶ 32; Dkt. 21 at 9; Dkt. No. 21-2 at 54:3-21; *see also* Dkt. No. 23 at 5 n.7.

Mr. Gesten first sued Burger King for a FACTA violation in July 2017. Dkt. No. 1 at 3. This first action, *Gesten v. Burger King Corp.*, No. 17-22541-Civ-Scola (S.D. Fla.) was dismissed for lack of standing, because Mr. Gesten alleged that he maintained possession of his receipt the whole time and failed to show that any disclosure of his private information actually occurred. *Gesten v. Burger King Corp.* (*Gesten I*), No. 17-22541-Civ-Scola, 2017 WL 4326101, at *5 (S.D. Fla. Sept. 27, 2017). Consequently, that court ruled that Mr. Gesten suffered no concrete injury— a prerequisite to Article III standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549–50 (2016) (Congress's role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. . . . A violation of one of the [Fair Credit Reporting Act]'s procedural requirements may result in no harm."); *Gesten I*, 2017 WL 4326101, at *3–5. Mr. Gesten then re-filed his complaint in Florida state court. Dkt. No. 1 at 4. For some reason, Burger King chose to remove that case to federal court, creating what is now the underlying action (Case No. 18-20450-Civ-Altonaga). *Id.*

On February 5, 2018, before Verifone's motion to quash was filed in this Court, Burger King filed a motion in the underlying action seeking a stay of all proceedings pending the Eleventh Circuit's review of another case concerning FACTA plaintiffs' standing to bring suit and involving substantially similar facts, *Tarr v. Burger King*, No. 17-23776-CIV-Moreno, 2018 WL 318477 (S.D. Fla. Jan. 5, 2018). *Gesten v. Burger King Corp.*, No. 18-20450-Civ-Altonaga, Dkt. No. 1-5 (S.D. Fla. Feb. 5, 2018). Judge Altonaga, the presiding judge in the underlying action,

agreed that the *Tarr* decision would resolve Mr. Gesten's standing issue, but found that the *Tarr* appeal only presented a question of venue for Burger King—for if Mr. Gesten lacked Article III standing, then the appropriate remedy would be remand to state court, not dismissal of the action. *Gesten v. Burger King Corp.* (*Gesten II*), No. 18-20450-Civ-Altonaga, 2018 WL 1111061, at *2 (S.D. Fla. Feb. 22, 2018). Burger King did not file a motion to dismiss the underlying action, and the parties thereafter engaged in discovery.

While Mr. Gesten and Verifone's motions before this Court were pending, Mr. Gesten filed a motion for class certification in the underlying action. *Gesten v. Burger King Corp.*, No. 18-20450-Civ-Altonaga, Dkt. No. 56 (S.D. Fla. June 18, 2018). In opposing class certification, Burger King argued that Mr. Gesten lacked Article III standing because his claim was collaterally estopped by the *Gesten I* dismissal, and because he alleged only a statutory violation and suffered no actual harm. *Gesten v. Burger King Corp.*, No. 18-20450-Civ-Altonaga, Dkt. No. 64, at 5–9 (S.D. Fla. June 18, 2018). Counsel for the parties in this matter advised the Court during the July 17, 2018 hearing that briefing on the class certification motion, and in particular the question of standing, is now complete. Thus, the issue of Mr. Gesten's standing is now squarely before the district court in the Southern District of Florida.

### III. LEGAL STANDARDS

#### A. Rule 45

Rule 45 of the Federal Rules of Civil Procedure governs non-party subpoenas. Under Rule 45(d)(3), the court where compliance is required must quash or modify the subpoena if the subpoena: (i) fails to allow reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden. In addition, Rule 45(f) permits the court where compliance is required to transfer a motion to quash to the issuing court if the person subject to the subpoena consents or if the court of compliance finds exceptional circumstances would warrant transfer. The proponent of transfer bears the burden of showing that exceptional circumstances exist. Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment.

Rule 45(f) does not further describe the circumstances that may qualify as "exceptional." However, the Advisory Committee notes reflect the Committee's view that "[i]n some circumstances . . . transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." Fed. R. Civ. P. 45 advisory committee's note to 2013 amendments.

### B. FACTA Standing

Central to Verifone's and Mr. Gesten's motions is the issue of Mr. Gesten's Article III standing to sue under FACTA. If a litigant lacks standing, a federal court lacks authority to adjudicate the case, including issuing deposition subpoenas or other process. *See, e.g.*, *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction). Without jurisdiction the court cannot proceed at all in any cause . . . .") (internal citations and quotation omitted); *U.S. Catholic Conf. v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 76 (1988) ("[I]f a district court does not have subject-matter jurisdiction over the underlying action, and the process was not issued in aid of determining that jurisdiction, then the process is void . . . ."). Because subject matter jurisdiction is fundamental to a federal court's ability to act, a court generally should consider and resolve the question of its jurisdiction at the outset before proceeding with a case on the merits. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case.") (discussing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998)); *see also U.S. Catholic Conf.*, 487 U.S. at 79–80 ("It is a recognized and appropriate procedure for a court to limit discovery proceedings at the outset to a determination of jurisdiction matters.").

At the pleading stage, a plaintiff must adequately allege facts demonstrating that he or she

has standing to bring the claim, including, among other things, that he or she has suffered a concrete injury in fact. *Spokeo*, 136 S. Ct. at 1548; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). A "concrete" injury is one that actually exists, and is not abstract or merely prospective. *Spokeo*, 136 S. Ct. at 1548. In lawsuits where plaintiffs may recover statutory damages for violations of federal statutes—such as FACTA—the U.S. Supreme Court has held that "a bare procedural violation, divorced from any concrete harm" cannot satisfy the injury-in-fact requirement for standing, but a "risk of real harm" can. *Id.* at 1549. In such a situation, "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact," and the plaintiff "need not allege any *additional* harm beyond the one Congress has identified." *Id.* (emphasis original).

The Ninth, Second, and Seventh Circuits have held that FACTA claims must be dismissed for lack of standing in circumstances where plaintiffs alleged only a procedural violation of FACTA without risk of real harm. *See, e.g.*, *Bassett v. ABM Parking Servs., Inc.*, 883 F.3d 776 (9th Cir. 2018) (affirming dismissal of complaint alleging only non-compliant receipt and risk of prospective harm of identity theft); *Katz v. Donna Karan Co., LLC*, 872 F.3d 114 (2d Cir. 2017) (same); *Meyers v. Nicolet Rest. of De Pere, LLC*, 843 F.3d 724 (7th Cir. 2016) (vacating and remanding with instructions to dismiss for lack of jurisdiction and finding no harm where no one else saw the non-compliant receipt).

As of the date of this order, the Eleventh Circuit has not yet considered and decided the issue. At least two FACTA standing cases are pending before the Eleventh Circuit: *Muransky v. Godiva Chocolatier Inc., et al.*, No. 0:15-cv-60716-WPD (S.D. Fla.), *appeal filed and argued sub nom. Price v. Godiva Chocolatier Inc., et al.*, No. 16-16486 (11th Cir.) and *Tarr v. Burger King Corp.*, No. 18-10279-CC (11th Cir.) (stayed pending the decision in *Price*). *Price* has been fully briefed, and oral argument was held before the Eleventh Circuit on January 12, 2018.

**IV. DISCUSSION**

    **A. Nature and Scope of this Court's Authority**

Verifone argues that this Court must decide whether the issuing court lacks subject matter jurisdiction before it can decide whether exceptional circumstances permit transfer of the motion

1   to quash to the Southern District of Florida. Dkt. No. 20 at 5–6. According to Verifone, this

2   Court does not have *authority* to transfer the motion under Rule 45(f) because the transferee court,

3   which issued the subpoena, lacks jurisdiction, leaving this Court with no alternative but to quash

4   the subpoena. *Id.* at 5.

5   There is, however, an important distinction between this Court's authority in this

6   proceeding and the Southern District of Florida's authority in the underlying action. This Court's

7   subject matter jurisdiction is not in question, and the scope of its authority to act to quash or

8   modify a non-party subpoena is informed both by the requirements of Rule 45 and also its inherent

9   power to manage the disposition of matters before the Court in a manner that is conducive to a fair

10  and orderly resolution. *See Dietz v. Bouldin*, 136 S. Ct. 1885, 1892–93 (2016) ("[D]istrict courts

11  have the inherent authority to manage their dockets and courtrooms with a view toward the

12  efficient and expedient resolution of cases."); *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)

13  ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the

14  disposition of the causes on its docket with economy of time and effort for itself, for counsel, and

15  for litigants.").

16  Verifone is correct that if Mr. Gesten lacks Article III standing, then the Southern District

17  of Florida lacks subject matter jurisdiction, and the subpoena to Verifone is void. *U.S. Catholic

18  Conf.*, 487 U.S. at 76 (lack of subject-matter jurisdiction over the underlying action renders void

19  any process not issued in aid of determining that jurisdiction). But it does not follow that this

20  Court must decide that issue now—particularly when the issue evidently will be decided in short

21  order by the Southern District of Florida itself. Nothing compels this Court to risk disrupting the

22  Southern District of Florida's management of the underlying case by deciding, on a non-party

23  discovery motion, a question of jurisdiction that has been fully briefed by the parties in the issuing

24  court.

25  Conversely, the circumstances presented in this case, while they might be considered

26  "exceptional" under Rule 45(f), also do not require the Court to transfer the motion to quash to the

27  Southern District of Florida. Rule 45(f) expressly leaves the decision to transfer to the Court's

28  discretion, even if exceptional circumstances exist. Fed. R. Civ. P 45(f) ("When the court where

compliance is required did not issue the subpoena, it *may* transfer a motion under this rule to the issuing court . . . if the court finds exceptional circumstances.") (emphasis added).

*USA Technologies, Inc. v. Doe*, 713 F. Supp. 2d 901 (N.D. Cal. 2010), on which Verifone relies, is informative but distinguishable. In that case, plaintiff USA Technologies ("USAT") brought an action in the Eastern District of Pennsylvania against a Doe defendant for a violation of the federal Securities Exchange Act of 1934 and defamation under Pennsylvania state law based on anonymous Internet postings the Doe defendant made about USAT on a Yahoo! message board. *Id.* at 904–05. USAT asked the Pennsylvania district court to issue a subpoena to Yahoo! directing it to disclose the anonymous poster's IP address so he or she could be identified. The Pennsylvania court granted the motion without prejudice to the Doe defendant's right to file a timely motion to quash.

Once the subpoena issued, the Doe defendant filed a motion to quash in the Northern District of California. Because the subpoena implicated important First Amendment protections for anonymous speech, the California district court required USAT to meet certain requirements, including an evidentiary showing of facts necessary to support a prima facie case for its securities and defamation claims. *Id.* at 906–07 (applying test from *Highfields Capital Mgmt. v. Doe*, 385 F. Supp. 2d 969 (N.D. Cal. 2005), requiring plaintiff seeking to compel identification of an anonymous online speaker to first adduce, without discovery, competent evidence addressing all factual inferences required to support a prima facie case on all elements of the claim). The California district court found that USAT could not make this showing for either claim and quashed the subpoena. In so doing, the court observed that, while the case remained pending before the Pennsylvania court and that court would ultimately have to decide the question of federal jurisdiction, "the apparent deficiency of the [securities] claim, which is the sole basis for federal jurisdiction in this case, is an appropriate basis to grant the Motion to Quash." *Id.* at 907–08.

In *USA Technologies*, the Eastern District of Pennsylvania did not have before it the question of federal question jurisdiction at the same time the Northern District of California was considering whether USAT could demonstrate a prima facie case in support of its federal

8

securities claim. Indeed, the underlying action in the Eastern District of Pennsylvania could not proceed unless and until USAT first obtained information via subpoena to Yahoo! identifying the Doe defendant. By contrast, in this case the question of subject matter jurisdiction that Verifone ask this Court to decide on a motion to quash is also currently before the Southern District of Florida.

### B. Stay of Compliance with Subpoena

In this case, the Court determines that a stay of Verifone's compliance with the subpoena pending best serves the competing interests presented by the parties' motions. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (summarizing considerations informing an order to stay). A stay necessarily delays Mr. Gesten's ability to obtain deposition discovery from Verifone, but this delay (assuming it is brief, as the Court expects it will be) will not unduly prejudice Mr. Gesten's ability to prosecute his claims. Conversely, if Verifone is required to proceed with the deposition or re-litigate the motion to quash before the Southern District of Florida before that Court decides the question of subject matter jurisdiction, it runs the risk of incurring unnecessary expense. Finally, the decisions that have already issued from the Ninth, Second, and Seventh Circuits in FACTA cases with facts similar to those Mr. Gesten alleged suggest the Eleventh Circuit likely will reach the same conclusion regarding the requirements for standing in such cases. The Southern District of Florida will then decide the question of standing on the particular facts of the case before it. It is in the best position to do so.

Accordingly, the Court exercises its inherent power to manage the disposition of pending matters and stays Verifone's compliance with the deposition subpoena pending a decision on the question of subject matter jurisdiction in the underlying action and further order of this Court. If the Southern District of Florida determines that Mr. Gesten has standing, the deposition of Verifone will proceed according to the subpoena, as Verifone makes no other objections beyond undue burden due to lack of subject matter jurisdiction. If, instead, it determines that Mr. Gesten lacks standing, the subpoena to Verifone will be invalid and the deposition will not proceed.

### V. CONCLUSION

For the foregoing reasons, the Court (1) DENIES Verifone's motion to quash the subpoena

without prejudice, (2) DENIES Mr. Gesten's motion to transfer the motion to quash, and (3) STAYS Verifone's compliance with the subpoena pending further order of this Court. The parties shall notify the Court of the Southern District of Florida's decision on the question of subject matter jurisdiction promptly after it issues.

**IT IS SO ORDERED.**

Dated: July 23, 2018

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge